IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| THEODORE JACKSON, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| | : | |
| VS. | : | 7 : 08-CV-150 (HL) |
| | : | |
| DONALD JACKSON, Warden, | : | |
| | : | |
| | : | |
| Respondent. | : | |

## RECOMMENDATION

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was filed on November 13, 2008.

Pursuant to the AEDPA, which became effective on April 24, 1996 and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner pled guilty to armed robbery and hijacking a motor vehicle in the Superior Court of Lowndes County in June 2002. His sentence was amended on August 8, 2002, and he did

not pursue a direct appeal, but filed a petition for habeas corpus in the Superior Court of Charlton County on June 20, 2007.  This petition was denied by the state habeas court in April 2008.

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner.  The petitioner did not file a direct appeal of his conviction, making it final on or about September 9, 2002, the date on which the 30-day period for filing a notice of appeal expired.  Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year from September 9, 2002, in which to file this federal petition, or toll the limitations period by filing a state habeas petition.  The petitioner's state habeas petition was not filed until June 20, 2007, and this federal petition was not filed until November 13, 2008.  The court notes that the tolling provision of § 2244(d)(2) therefore does not protect the petitioner herein.  See, e.g., Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); Morris v. Hargett, 1998 WL 856144 (10th Cir. (Okla.)).

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 16th day of June, 2009.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE